1

Rob Bonta
2   Attorney General of California
Todd Grabarsky
3   Lara Haddad
Supervising Deputy Attorneys General
4   Asha Albuquerque (SBN 332901)
William Bellamy (SBN 347029)
5   Shiwon Choe (SBN 320041)
Christopher J. Kissel (SBN 333937)
6   Zelda Vassar (SBN 313789)
Deputy Attorneys General
7    455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
8    Telephone:  (415) 510-4400
Fax:  (415) 703-5480
9    E-mail:  Asha.Albuquerque@doj.ca.gov
           William.Bellamy@doj.ca.gov
10           Shiwon.Choe@doj.ca.gov
           Christopher.Kissel@doj.ca.gov
11           Zelda.Vassar@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official*
12   *capacity as Attorney General of California*

13

14                 IN THE UNITED STATES DISTRICT COURT

15              FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                          SAN JOSE DIVISION

17

18

|  |  |
|---|---|
| **META PLATFORMS, INC.,** | Case No. 5:25-cv-09792-EJD |
| Plaintiff, | |
| v. | **DEFENDANT'S ADMINISTRATIVE MOTION FOR LIMITED EXPEDITED DISCOVERY REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| **ROB BONTA, in his official capacity as Attorney General of California,** | |
| Defendant. | |

19

20

21

22

23

24

25

26

27

28

1

**INTRODUCTION**

2      As this Court is aware, California's Protecting Our Kids from Social Media Addiction Act

3  (Senate Bill No. 976, or "SB976") regulates addictive feeds—endless scrolls of material that

4  internet platforms show a user to maximize the user's time on the platform, generated through the

5  platform's monitoring of the user's online activity and personal data—as they relate to minors.

6  SB976 (enacted as Cal. Health & Safety Code §§ 27000–07); *see NetChoice LLC v. Bonta*, 152

7  F.4th 1002 (9th Cir. 2025) (*NetChoice II*), *aff'g in part and rev'g in part* 761 F. Supp. 3d 1202

8  (N.D. Cal. 2024) (*NetChoice I*).  Plaintiff Meta Platforms, Inc. ("Meta"), which operates feeds

9  subject to SB976, has filed a lawsuit bringing as-applied First Amendment challenges to SB976.

10  Meta has also filed a motion for preliminary injunction, ECF No. 19 ("Meta Mot."), seeking to

11  enjoin SB976's enforcement.  Defendant Attorney General Rob Bonta's combined response to

12  Meta's motion and the similar motions of two other sets of plaintiffs in related lawsuits

13  ((1) TikTok Inc. and (2) Google LLC and YouTube, LLC) is due on February 6, 2026.

14      Defendant now respectfully seeks leave of the Court to conduct limited expedited discovery

15  relevant to his forthcoming preliminary-injunction response.  Specifically, at present Defendant

16  seeks discovery only of certain documents that have already been filed with the court in *In re*

17  *Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-

18  3047-YGR (N.D. Cal.), a lawsuit involving legal and factual issues that greatly overlap with those

19  in the present case and in Meta's preliminary-injunction motion, and in which Meta is a party.

20      In *Social Media Adolescent Addiction*, Meta (together with other defendants) has been sued

21  relating to the addictive personalized nature of its feeds and the harm from its feeds to children.

22  Meta has produced documents and responded to discovery requests in that case that are relevant

23  to the overlapping legal and factual issues with the present matter and its preliminary-injunction

24  motion.  Defendant does not at present seek to have Meta broadly reproduce all of the discovery

25  in that case here.  Rather, so as to minimize the scope of discovery and any burden on Meta at this

26  juncture, Defendant has circumscribed his proposed requests to seek from Meta only an

27  unredacted copy of the sections relating to Meta of a single summary-judgment-opposition brief

28  and the exhibits referenced in those respective sections.  Defendant has attached his proposed

1

1    document requests to this Motion.  *See also* Corrected Omnibus Opp'n to Defs.' Mots. for Summ.

2    J. (redacted), *Social Media Adolescent Addiction*, ECF No. 2480 ("MSJ Opp'n") (attached as

3    Choe Decl. Ex. 1); Decl. of Previn Warren in Supp. of MSJ Opp'n, *Social Media Adolescent*

4    *Addiction*, ECF No. 2357 (listing exhibits) (attached as Choe Decl. Ex. 2).[1]  All of the documents

5    that Defendant seeks have already been filed with the court and are in Meta's possession; most, in

6    fact, were produced by Meta itself in that case.  But most if not all of these documents are

7    restricted or redacted on the docket and thus are not publicly accessible.  Meta, however, has

8    access and could produce them here essentially at the push of a button.

9         Because these documents are highly relevant to Meta's pending motion, and because Meta

10    could produce these documents here with essentially no burden, Defendant respectfully requests

11    leave to propound requests for these documents.  In light of the abbreviated timeframe to respond

12    to Meta's pending motion, Defendant further respectfully requests that the Court expedite this

13    discovery and order Meta to produce the requested documents by December 17, 2025.

14         Prior to filing this motion, Defendant contacted Meta on December 5 to ask if it would be

15    willing to stipulate to this limited expedited discovery or, if not, if it would oppose Defendant's

16    requesting leave from the Court for this discovery.  Choe Decl. ¶ 4.  The parties have engaged in

17    discussions but were unable to reach a resolution without the need to propound formal discovery

18    requests (and, thus, for Defendant to seek leave from the Court to do so).  *Id.*[2]

19    [1] After reviewing such documents, Defendant may determine that additional limited expedited

20    discovery might be necessary and reserves his right to seek such discovery.

21    [2] Meta stated it will not produce an unredacted copy of the MSJ Opposition.  Choe Decl. Ex. 3.

22    Meta stated it would produce an undefined subset of documents produced by Meta in *Social*

23    *Media Adolescent Addiction* that are "relevant," but without specifying which documents those

24    would be or what standard it would use to assess "relevance."  *Id.*  Meta also did not agree to

25    produce deposition-transcript exhibits (including transcripts from Meta's own experts) and

26    refuses to produce expert-report exhibits on the grounds that they supposedly are inadmissible.

27    *Id.  But see, e.g.*, *Bladeroom Grp. Ltd. v. Emerson Elec. Co.*, No. 5:15-cv-01370-EJD, 2022 WL

28    19692036, at *2 (N.D. Cal. Oct. 14, 2022) (Davila, J.) (material need not be admissible to be

2

1                                                   **ARGUMENT**

2      **I.     THE REQUESTED DOCUMENTS ARE HIGHLY RELEVANT TO DEFENDANT'S OPPOSITION
               TO META'S MOTION FOR PRELIMINARY INJUNCTION**

3

4              The legal and factual issues in the *Social Media Adolescent Addiction* case greatly overlap

5      with those in Meta's preliminary-injunction motion, which requires a determination of the

6      likelihood of success on the merits of Meta's claims.  *See Winter v. Nat. Res. Def. Council, Inc.*,

7      555 U.S. 7, 20 (2008).  For example, as this Court has held in connection with a previous First

8      Amendment challenge to SB976, "much of the First Amendment analysis depends on a close

9      inspection of how regulated feeds actually function."  *NetChoice I*, 761 F. Supp. 3d at 1223;

10     *accord NetChoice II*, 152 F.4th at 1014, 1021.  The documents filed in *Social Media Adolescent*

11     *Addiction* that Defendant now seeks discuss how Meta's feeds actually function.  *See, e.g.*, MSJ

12     Opp'n 35–43.  Among other things, they discuss how Meta's own experts state how Meta's feed-

13     recommendation algorithm is separate from its content-moderation algorithm, and discuss how

14     Meta's recommendation algorithm "'responds solely to how users act online,'" *id.* at 35–36

15     (quoting *Moody v. NetChoice, LLC*, 603 U.S. 707, 736 n.5 (2024))—a central issue in this case.

16             Additionally, the harm to children caused by Meta's feeds is highly relevant to the pending

17     preliminary-injunction motion, which will involve a balancing of equities and the public interest.

18     *See Winter*, 555 U.S. at 20.  The documents filed in *Social Media Adolescent Addiction* that

19     Defendant now seeks discuss how Meta's feeds harm children and Meta's knowledge of such

20     harms.  *See, e.g.*, MSJ Opp'n 14–16, 21–34, 36–43, 69–74.

21             Additionally, whether Meta's feeds communicate a message versus simply seeking to

22     maximize users' watch time, and how users perceive the feeds, is relevant to the pending

23     motion.  *See, e.g.*, Meta Mot. 6, 15–16.  The documents filed in *Social Media Adolescent*

24     *Addiction* that Defendant now seeks discuss how Meta is not communicating a message other

25     than simply seeking to maximize watch time.  *See, e.g.*, MSJ Opp'n 13–14, 22–24, 35–41, 68–69.

26             Furthermore, the effectiveness, or ineffectiveness, of alternative measures to protect

27     discoverable); *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th

28     Cir. 2024) (courts can consider inadmissible evidence on a preliminary-injunction motion).

                                                         3

1  children is relevant to the pending preliminary-injunction motion.  *See* Meta Mot. 7–8, 23–24.

2  The documents filed in *Social Media Adolescent Addiction* that Defendant seeks discuss measures

3  that Meta claims can serve as alternatives, such as parental controls, and the ineffectiveness of

4  these measures at curbing the addiction of children.  *See, e.g.*, MSJ Opp'n 43–45, 66–68.

5         Because of the high relevance of these documents and discussions in *Social Media*

6  *Adolescent Addiction* to the preliminary-injunction motion here, Defendant seeks expedited

7  discovery of those documents for his forthcoming preliminary-injunction response.

8  **II.    GOOD CAUSE EXISTS TO ORDER THE EXPEDITED DISCOVERY DEFENDANT SEEKS**

9         Courts may allow expedited discovery before a Rule 26(f) conference upon a showing of

10  good cause.  *See, e.g.*, *Newsom v. Trump*, No. 25-cv-04870-CRB, 2025 WL 2250569, at *6 (N.D.

11  Cal. June 25, 2025) (citing *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099

12  (N.D. Cal. 2012)).[3]  "Good cause may be found where the need for expedited discovery, in

13  consideration of the administration of justice, outweighs the prejudice to the responding party."

14  *Rovio*, 907 F. Supp. 2d at 1099.  "Courts consider '(1) whether a preliminary injunction is

15  pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited

16  discovery; (4) the burden on the [responding party] to comply with the requests; and (5) how far

17  in advance of the typical discovery process the request was made.'"  *Newsom*, 2025 WL 2250569,

18  at *6.  All of these factors support the limited expedited discovery Defendant seeks here.

19         First, Meta has filed a preliminary-injunction motion against Defendant.

20         Second, Defendant's discovery requests are limited and narrowly tailored.  Specifically, at

21  present, Defendant seeks only documents that have already been organized, compiled, and filed

22  with the court in a lawsuit to which Meta is a party.  Defendant is not seeking to require Meta to

23  undertake any independent search for or review of new documents.

24         Third, as explained above, the purpose for requesting expedited discovery is for Defendant

25  to obtain documents that are highly relevant to Meta's pending preliminary-injunction motion and

26     [3] Leave to take expedited pre-Rule 26(f) conference discovery is appropriately resolved via the

27  present motion with the Court.  *See, e.g.*, *Newsom*, 2025 WL 2250569, at *4–7; *Incorp Servs.,*

28  *Inc. v. Does 1–10*, No. C 11-4660 PSG, 2011 WL 5444789, at *1–2 (N.D. Cal. Nov. 9, 2011).

1  to Defendant's opposition.  Discovery of those documents will aid Defendant and the Court here

2  in inspecting how Meta's feeds actually function and how they contribute to the harms to children

3  that SB976 seeks to curb and remedy, and thus aid in conducting the appropriate First

4  Amendment and preliminary-injunction analyses at issue in Meta's motion.

5       Fourth, Defendant's discovery requests should impose little to no burden on Meta.  As

6  explained above, at present Defendant seeks only documents that have already been organized,

7  compiled, and filed with the court in *Social Media Adolescent Addiction*.  Reproducing these

8  documents here is something that Meta presumably could do with the push of a button without

9  any burden.  *See, e.g.*, *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md.

10  2004) (burden of reproducing materials that were already previously produced "should be

11  slight"); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002) (similar).[4]

12       Fifth, while Defendant's discovery requests come about a month and a half before the

13  typical Rule 26(f) conference, Defendant's requests are appropriate given the preliminary-

14  injunction motion that Meta has filed.  *See, e.g.*, *Newsom*, 2025 WL 2250569, at *6.[5]

## CONCLUSION

16       For the foregoing reasons, Defendant respectfully requests that the Court grant leave to

17  conduct expedited discovery and allow Defendant to propound the attached document requests to

18  Meta.  Defendant further respectfully requests that the Court order Meta to produce the requested

19  documents by December 17, 2025.

20       [4] To the extent Meta has confidentiality concerns, in the interest of expediency, Defendant is

21  willing to treat the documents as confidential and to not share them outside of the California

22  Department of Justice attorneys working on this case, pending entry of a formal protective order.

23       [5] Defendant notes that various plaintiffs challenging SB976 have at times attempted to argue

24  that discovery is inappropriate in First Amendment cases, citing a snippet from a two-Justice

25  plurality discussion in *FEC v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 469 (2007).  However

26  that non-binding discussion might bear on that case regarding advertisements written by humans,

27  it does not control in this case involving algorithmic feeds.  Rather, when it comes to algorithms

28  and how they work, "record development matters."  *NetChoice II*, 152 F.4th at 1022.

5

Def.'s Admin. Mot. for Ltd. Expedited Discovery (No. 5:25-cv-09792-EJD)

1   Dated:  December 12, 2025                    Respectfully submitted,

2                                                ROB BONTA
                                                 Attorney General of California
3                                                TODD GRABARSKY
                                                 LARA HADDAD
4                                                Supervising Deputy Attorneys General
                                                 ASHA ALBUQUERQUE
5                                                WILLIAM BELLAMY
                                                 CHRISTOPHER J. KISSEL
6                                                ZELDA VASSAR
                                                 Deputy Attorneys General
7

8                                                *s/Shiwon Choe*
                                                 SHIWON CHOE
9                                                Deputy Attorney General
                                                 *Attorneys for Defendant Rob Bonta, in his*
10                                               *official capacity as Attorney General of*
                                                 *California*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def.'s Admin. Mot. for Ltd. Expedited Discovery (No. 5:25-cv-09792-EJD)