ROB BONTA
Attorney General of California
TODD GRABARSKY
LARA HADDAD
Supervising Deputy Attorneys General
ASHA ALBUQUERQUE (SBN 332901)
WILLIAM BELLAMY (SBN 347029)
SHIWON CHOE (SBN 320041)
CHRISTOPHER J. KISSEL (SBN 333937)
SAMUEL SOKOLSKY (SBN 348173)
MEGHAN H. STRONG (SBN 324503)
ZELDA VASSAR (SBN 313789)
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4400
  Fax:  (415) 703-5480
  E-mail:  Asha.Albuquerque@doj.ca.gov
          William.Bellamy@doj.ca.gov
          Shiwon.Choe@doj.ca.gov
          Christopher.Kissel@doj.ca.gov
          Samuel.Sokolsky@doj.ca.gov
          Meghan.Strong@doj.ca.gov
          Zelda.Vassar@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official
capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **META PLATFORMS, INC.,** | Case No. 5:25-cv-09792-EJD |
| Plaintiff, | |
| v. | **DEFENDANT'S OPPOSITION TO META'S MOTION TO SEAL PORTIONS OF THE DECLARATION OF DR. BAMSHAD MOBASHER, Ph.D. IN SUPPORT OF META'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |
| **ROB BONTA, in his official capacity as Attorney General of California,** | |
| Defendant. | |

**INTRODUCTION**

The Court should deny Meta's motion, which seeks to seal portions of the Mobasher Declaration.[1]  Meta fails to offer compelling reasons or meaningful factual support for its claim that these sections of the Mobasher Declaration contain information that, if made public, would cause Meta competitive harm.  More importantly, the content of the Mobasher Declaration, including the passages Meta seeks to redact, runs directly to a central issue in this case.  The unique design of Meta's recommender systems is a critical inquiry in determining whether Meta's addictive feeds are expressive, and the public therefore has a strong interest in this specific information to support its understanding of the Court's ultimate decision on this and other issues.

**LEGAL STANDARD**

"[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  When considering a sealing request, courts begin with "a strong presumption in favor of access." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption" by meeting the applicable standard.  *Id.*

Where a party seeks to seal documents related to a motion that is "more than tangentially related to the underlying cause of action," the moving party must present "compelling reasons" for maintaining the records under seal.  *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,

---

[1] In addition to Defendant's substantive opposition to Meta's motion, Defendant notes that Meta filed the Mobasher Declaration *entirely* under seal with its reply, ECF No. 89, and still has not filed a public-redacted version of that document, even with its motion to seal, despite the fact that Meta seeks specific redactions and not wholesale sealing of the document.  As a result, the public currently has *no* access to *any* part of the Mobasher Declaration.  Therefore, while the Court's decision on Meta's motion is pending, Meta should be ordered to re-file, at a minimum, a redacted version of the declaration immediately.

1

1099 (9th Cir. 2016).  "[A] motion for preliminary injunction frequently requires the court to address the merits of a case, which often includes the presentation of substantial evidence." *Id.* As such, motions for preliminary injunction are frequently subject to the compelling reasons standard. *Id.* at 1102.

That is the case here.  Meta's motion for preliminary injunction seeks the same relief as its complaint: an order enjoining enforcement of the challenged provisions of SB976.  ECF No. 1 at 29; ECF No. 19-22 (Proposed Order on Mtn. for PI).  Its motion is therefore "more than tangentially related" to the underlying causes of action, and its motion to seal materials related to that motion is subject to the compelling reasons standard.  To satisfy that standard, Meta must provide "specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Flextronics Int'l USA, Inc. v. Murata Mfg. Co., Ltd.*, No. 5:19-cv-00078-EJD, 2019 WL 13554030, at *1 (N.D. Cal. Nov. 21, 2019) (quoting *Opperman v. Path, Inc.*, No 13-cv-00453-JST, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017)).  Civil Local Rule 79-5(c)(1) further requires "a specific statement" of "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."

## ARGUMENT

Meta seeks to redact portions of the Mobasher Declaration that it contends "contain competitively sensitive, non-public business information of its recommender systems . . . including prediction models to implement integrity and quality considerations, as well as technical specifications and architecture of Meta's recommender systems." ECF No. 99 at 2.  But close examination of the sections Meta seeks to redact reveals that this material is at a level of such generality that it is doubtful its public filing could plausibly cause Meta any real competitive harm.  The sections of the Mobasher Declaration at issue discuss aspects of Meta's recommender systems at a high level, without providing details sufficient for any competitor to, for example, copy Meta's recommender systems.  It is telling that neither TikTok nor YouTube, two of Meta's chief competitors, sought to seal similar discussions of their recommender systems in their

parallel cases. *Compare, e.g.*, *Google v. Bonta*, ECF No. 23-1, ¶¶ 11-13, 19-30 (describing how YouTube's Recommender System considers numerous signals and uses machine learning and classifiers to recommend content) *and TikTok v. Bonta*, ECF No. 68-2, ¶¶ 29, 32-36 (similar) *with* Mobasher Decl. ¶¶ 75, 78, 89-90, 98, 107, 114 (passages Meta seeks to redact). That fact alone undermines Meta's claim that this information is viewed as competitively sensitive.

Further, Meta offers no meaningful support for its claims of competitive harm. The Eulenstein Declaration that Meta offers states that "[c]ompetitors *could* use this information to test the accuracy of or refine their own internal speculations of Meta's platform designs," or that it "*may* motivate them to make changes in their recommender systems in order to compete better with Meta." ECF No. 99-1, ¶ 5 (emphasis added). But these statements are nothing more than vague speculation about nonspecific, *possible* harms. They lack any specific factual explanation that could support an inference that Meta would suffer actual competitive harm if this information were made public, and the Eulenstein Declaration is therefore insufficient to meet the compelling reasons standard. *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-cv-05286-PJH, 2020 WL 6544411, at *10 (N.D. Cal. Nov. 6, 2020) (declining to seal alleged competitively sensitive information where Facebook's declaration "touches on defendant's proffered second compelling reason, [but] it does so in only speculative terms through its use of the verb 'could' to describe the potential misuse. A lot of things 'could' happen—but such a mere possibility, without more factual explanation substantiating its plausibility, is insufficient to hide information from the public record.").

Finally, the public has an especially strong interest in access to this particular information in this specific case. Meta argues that the information it seeks to seal "will not preclude the public from understanding the central arguments in Meta's preliminary injunction motion papers," ECF No. 99 at 2, but Meta's recommender systems and their functioning are at the very core of this case. Both this Court and the Ninth Circuit have made clear that any challenge to SB976 will depend "on a close inspection of how regulated feeds actually function," *NetChoice v. Bonta*, 761 F. Supp. 3d 1202, 1223 (N.D. Cal. 2024), and an understanding of "the unique design of each platform and its algorithm," *NetChoice, LLC v. Bonta*, 152 F.4th 1002, 1014 (9th Cir.

3

2025).  And more recently, this Court stated that the functioning of each particular company's algorithm and the extent to which it is a "black box" or involves human judgment is a particular focus of the Court and will be critical to determining the issue of whether Meta's algorithms are expressive and therefore entitled to First Amendment protection.  Apr. 29, 2026 Hrg. Tr. at 7:17-8:11, 8:22-9:11, 15:9-16:19.  If the public is to understand the Court's decision on these issues, it will need access to the same information as the Court regarding the functioning of Meta's recommender systems.  *Cf. IntegrityMessageBoards.com*, 2020 WL 6544411, at *14 ("Presently, the public does not need to know the function of the subject pricing mechanism to understand this litigation.  To the extent this detail (or others like it) affect such understanding at latter stages of the litigation, the court may revisit this decision.").  Therefore, even if Meta has some degree of competitive interest in the information in the Mobasher Declaration, that interest is outweighed by the public's interest in disclosure of that information.

## CONCLUSION

For the foregoing reasons, the Court should deny Meta's motion to seal and order it to file a fully unredacted copy of the Mobasher Declaration on the public docket.

Dated:  May 15, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
TODD GRABARSKY
LARA HADDAD
Supervising Deputy Attorneys General

*/s/ Meghan H. Strong*
ASHA ALBUQUERQUE
WILLIAM BELLAMY
SHIWON CHOE
CHRISTOPHER J. KISSEL
SAMUEL SOKOLSKY
MEGHAN H. STRONG
ZELDA VASSAR
Deputy Attorneys General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*

# CERTIFICATE OF SERVICE

Case Name:   ***Meta Platforms, Inc. v. Rob Bonta***         No.   **5:25-cv-09792-EJD**

I hereby certify that on <u>May 15, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S OPPOSITION TO META'S MOTION TO SEAL PORTIONS OF THE DECLARATION OF DR. BAMSHAD MOBASHER, Ph.D. IN SUPPORT OF META'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 15, 2026</u>, at San Francisco, California.

<table>
<tr><td align="center">M. Paredes<br>Declarant</td><td align="center">*/s/ M. Paredes*<br>Signature</td></tr>
</table>

SA2025306455
45075737