*Parties and counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

TIKTOK INC.; TIKTOK USDS JOINT VENTURE LLC,

Plaintiffs,

v.

ROB BONTA, in his official capacity as Attorney General of California,

Defendant.

Case No. 5:25-cv-09789-EJD

**PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Date: October 22, 2026
Time: 9:00 am
Judge: Honorable Edward J. Davila
Dept.: Courtroom 4 – 5th Floor

META PLATFORMS, INC.,

Plaintiff,

v.

ROB BONTA, in his official capacity as Attorney General of California,

Defendant.

Case No. 5:25-cv-09792-EJD

**PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Date: October 22, 2026
Time: 9:00 am
Judge: Honorable Edward J. Davila
Dept.: Courtroom 4 – 5th Floor

GOOGLE LLC and YOUTUBE, LLC,

Plaintiffs,

Case No. 5:25-cv-09795-EJD

**PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO STAY**

v.

ROB BONTA, in his official capacity as Attorney General of California,

Defendant.

**PROCEEDINGS PENDING APPEAL**

Date: October 22, 2026
Time: 9:00 am
Judge: Honorable Edward J. Davila
Dept.: Courtroom 4 – 5th Floor

Defendant's demand that these cases proceed immediately, without pausing to wait for the Ninth Circuit's imminent resolution of the legal questions at the heart of Plaintiffs' First Amendment claims, should be rejected. Defendant makes no secret of why he opposes a limited stay: he wants to pursue intrusive and wide-ranging discovery now, including the re-production of ***over 30 million pages of documents*** from the unrelated *In re Social Media* multi-district litigation ("MDL"), even though the overwhelming majority of those documents have absolutely no relevance to this First Amendment case. And that is not all—Defendant makes clear that he intends to seek extensive additional discovery on the very issues the Ninth Circuit's pending decision will address.

Defendant's preview of his unreasonable discovery demands shows why the parties and the Court will benefit from receiving the Ninth Circuit's guidance before proceeding with further fact-gathering. Most significantly, the Ninth Circuit's opinion will almost certainly provide important guidelines shaping the scope of permissible discovery and could even moot many of Defendant's requests. Defendant does not dispute this point in his Opposition—he instead argues generically that some discovery will be needed at some point. But what discovery, to what extent, and to what end? The answers lie in the Ninth Circuit's forthcoming opinion that will provide the legal framework under which these cases will be litigated through final judgment.

Defendant ignores the several analogous authorities staying or curtailing district court proceedings in similar circumstances, including this Court's order sharply limiting discovery during the pendency of NetChoice's own preliminary injunction appeal. And Defendant ultimately *admits* that the factual record across Plaintiffs' cases is already "robust." Opp'n to Pls.' Mot. to Stay Proceeding Pending Appeal at 5 ("Opp'n"). What is needed now is not further factual development of an already robust record—what is needed is the imminently forthcoming appellate guidance. This Court should grant Plaintiffs' motion and stay further proceedings during the pendency of Plaintiffs' preliminary injunction appeals.

## ARGUMENT

Defendant fails to rebut Plaintiffs' showing that the *Landis* factors militate in favor of a stay.

**1. The orderly course of justice supports a stay.** Parties routinely stipulate to stays pending preliminary injunction appeals in First Amendment affirmative challenge cases.[1] And when contested motion practice is required instead, courts in the Ninth Circuit—including this Court—regularly stay or sharply limit further proceedings while a preliminary injunction appeal is pending. *See, e.g.*, *United States v. California*, 2018 WL 5310675, at *1 (E.D. Cal. Oct. 19, 2018) (staying proceedings pending a preliminary injunction appeal in an affirmative challenge to California statute); *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1060–65 (E.D. Cal. 2023) (staying proceedings pending a preliminary injunction appeal in First Amendment affirmative challenge); *Am. Encore v. Fontes*, 2025 WL 1839464, at *1–3 (D. Ariz. June 26, 2025) (staying proceedings pending a preliminary injunction appeal in First Amendment affirmative challenge); Minute Order, *NetChoice v. Bonta*, Case No. 5:24-cv-07885-EJD (Mar. 13, 2025) (staying discovery pending NetChoice's preliminary injunction appeal with one "limited" exception—an exception that Defendant does not contend is needed in this case); *see also* Pls.' Mot. to Stay Proceedings Pending Appeal at 4 ("Mot.").

Defendant ignores these relevant authorities in favor of inapposite decisions addressing starkly different postures. For example, Defendant relies on *California v. Azar*, 911 F.3d 558 (9th Cir. 2018), which was not a First Amendment case, and which addressed a stay pending appeal of a nationwide preliminary injunction issued on the basis of briefing completed in less than a month. *See California v.*

---

[1] *See, e.g.*, Order Staying Discovery, *NetChoice v. Griffin*, No. 5:25-cv-5140 (W.D. Ark. May 7, 2026), ECF No. 74; Minute Order, *NetChoice v. Weiser*, No. 1:25-cv-2538 (D. Colo. Jan. 26, 2026), ECF No. 40; Order Granting Joint Motion to Stay Proceedings, *NetChoice v. Carr*, No. 1:25-cv-2422 (N.D. Ga. July 22, 2025), ECF No. 40; Order Granting Joint Motion to Stay and Administratively Closing Case, *NetChoice v. Fitch*, No. 1:24-cv-170 (S.D. Miss. July 2, 2025), ECF No. 69; Order, *NetChoice v. Skrmetti*, No. 3:24-cv-1191 (M.D. Tenn. June 29, 2026), ECF No. 103; Text Order Granting Motion to Stay, *Comput. & Commc'ns Indus. Ass'n et al. v. Paxton*, No. 1:25-cv-849 (W.D. Tex. Sep. 13, 2024); Order Granting Joint Motion to Stay Proceedings Pending Appeal, *NetChoice v. Reyes*, No. 2:23-cv-911 (D. Utah Oct. 18, 2024), ECF No. 93.

*Health & Hum. Servs.*, 281 F. Supp. 3d 806 (N.D. Cal. 2017). In that rushed posture, *Azar* cautioned that its interlocutory decision might "provide little guidance" given the likelihood that the factual record would look "materially different" later. 911 F.3d at 584–85.

Here, unlike *Azar*, Defendant concedes that (1) the factual record developed over the course of more than six months of briefing and supplemental briefing is *already* "robust," and (2) the Ninth Circuit's decision addressing that robust record *will* provide "helpful" guidance. Opp'n 5. Put otherwise, this case is exactly like others deeming *Azar* inapposite because the parties already "submitted a myriad of declarations and evidence" at the preliminary injunction stage, which means the Ninth Circuit's impending decision will "likely provide highly relevant guidance and possibly create dispositive authority regarding the applicability of the" First Amendment principles at issue. *Flores*, 675 F. Supp. 3d at 1064.

Defendant's invocation of *Matthews v. Lemonade Insurance Company*, 809 F. Supp. 3d 1076 (S.D. Cal. 2025), and *Lacy v. Comcast Cable Communications, LLC*, 2020 WL 4698646 (W.D. Wash. Aug. 13, 2020), fares no better. Opp'n 5. *Matthews* and *Lacy* addressed stays that were predicated on appellate proceedings in *entirely separate cases*—not a preliminary injunction appeal *in the very same case*. *See Matthews*, 809 F. Supp. 3d at 1083 (denying stay motion predicated on a state trial court's class certification decision in a different case); *Lacy*, 2020 WL 4698646, at *2 (similar). Here, the forthcoming appellate decision will address *this case*—not "different defendants" and "different conduct." *Matthews*, 809 F. Supp. 3d at 1083. Indeed, both *Matthews* and *Lacy* favor a stay in this distinct posture: "Courts have typically granted a stay where a ruling from a higher court could affect how they rule on . . . legal issue[s] that [are] also present in their case." *Matthews*, 809 F. Supp. 3d at 1084 (quotation omitted); *see also Lacy*, 2020 WL 4698646, at *2 (holding that discovery should be stayed to the extent the Supreme Court's decision could provide relevant guidance and render discovery "superfluous").

Unable to point to a relevant decision that favors his position, Defendant next asserts that a stay is proper *only* if discovery might be obviated entirely. Opp'n 4–6 ("discovery will need to take place"). No such categorical rule exists. To the contrary, courts recognize that a stay may be warranted when it would "allow[] the Ninth Circuit [time to] address[] issues that may inform the appropriateness, scope, and necessity of . . . discovery." *Kuang v. U.S. Dep't of Def.*, 2019 WL 1597495, at *4–5 (N.D. Cal. Apr. 15,

2019); *see* Mot. 6–7. That test is plainly satisfied here, as the Ninth Circuit's decision will shape the contours and extent of needed discovery. *See* Mot. 5–6.

Defendant does not address the actual test, instead relying exclusively on his misarticulation of the law. Nor does Defendant describe with any particularity how any additional discovery, on top of the already robust record, could materially alter the factual landscape. He instead vaguely asserts that there is "more evidence that *could* be developed concerning, for example, how Plaintiffs' platforms and personalized feed algorithms work." Opp'n 5 (emphasis added). But as Plaintiffs explained in detail in their motion, the Ninth Circuit's forthcoming decision could render such discovery moot—including if, for example, the Ninth Circuit reads "*Moody*'s sweeping language . . . as saying that all acts of compiling and organizing speech, with nothing more, are protected by the First Amendment." *Meta Platforms, Inc. v. Bonta*, 2026 WL 2260373, at *3 (N.D. Cal. Aug. 5, 2026) (recognizing this as a potential interpretation of *Moody*); *see* Mot. 5–6. Defendant nowhere disputes this critical point. Similarly, the Ninth Circuit's ruling could dictate the proper scope of discovery regarding human inputs into Plaintiffs' algorithms and may also affect whether and to what extent tailoring-related discovery is needed. *See* Mot. 6. Plaintiffs should not be forced to undertake burdensome discovery that may be rendered moot by expedited appellate review. Moreover, even if a remand instructs this Court to apply a certain level of scrutiny, the Ninth Circuit's decision would inform the scope of the tailoring analysis. Plaintiffs should not have to undergo extensive discovery before such guidance is issued.

**2. Plaintiffs will be harmed in the absence of a stay.** Defendant's stated intention to barrel ahead with overbroad and irrelevant discovery demands notwithstanding the already "robust" record in these cases will harm Plaintiffs. Opp'n 5. Courts have repeatedly recognized that unnecessary and wasteful discovery on topics that could soon be rendered moot by the Ninth Circuit's forthcoming opinion is harmful—which Defendant does not dispute. *See California*, 2018 WL 5310675, at *1 ("Proceeding with discovery . . . imposes a hardship upon [plaintiff]—particularly when the [Ninth Circuit] . . . may, as [plaintiff] argues, cause the issues now before this Court to be subject to modification or rendered moot."); *Flores*, 675 F. Supp. 3d at 1062 ("conducting substantial, unrecoverable, and wasteful discovery . . . on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay" (internal citations omitted)); Mot. 7. Defendant instead argues that discovery will still be needed

on "central" issues "such as whether Plaintiffs' feeds are expressive," Opp'n 6–7—but there is already a robust record addressing precisely the question of how Plaintiffs' feeds work, *see Meta*, 2026 WL 2260373, at *5–8 (describing this evidence over the course of several pages). And, again, the Ninth Circuit's forthcoming opinion will shed light on what facts are (or not) material to the question of "expressiveness."

Defendant also asserts that providing the discovery he demands would impose only "a minimal burden on Plaintiffs." Opp'n 8. Defendant's own brief proves him wrong. He improperly suggests that Plaintiffs should be forced to "re-produc[e] in these cases *at least* Plaintiffs' full discovery productions from [the] *In re Social Media*" MDL," *id.* (emphasis added)—*i.e.*, the full discovery productions from unrelated multi-district proceedings involving thousands of distinct cases and tort claims that have nothing to do with the issues in this case, for which the document productions span ***over 11 million pages of documents for Meta, 13.9 million for TikTok, and 6 million pages of documents for Google***. Defendant's contemplated request for over 30 million pages of irrelevant material is baseless and, given the volume and complexity of these productions, not something that can be done "at the push of a button." *Contra* Opp'n 8. But even these millions of pages of documents evidently would not satisfy Defendant, who emphasizes that he also wants "to take independent document discovery of plaintiffs." Opp'n 5. Defendant's incorrect suggestion that there will be "little need for Court intervention," *id.*, simply reaffirms the importance of receiving the Ninth Circuit's decision before discovery disputes inevitably arise. Once the parties know the substantive rules governing this case, they can further engage on what remaining discovery, if any, is actually needed and permissible, likely avoiding some disputes, narrowing others, and presenting all of them in the proper legal framework for this Court and Magistrate Judge Cousins to resolve. *See* Civil L.R. 37-1.

3. Defendant's argument that he would somehow be harmed by a stay strains credulity. He claims he has "a strong interest in reaching final judgment," Opp'n 8, but that proves too much, as every litigant could invoke the same generic "interest" to oppose a stay. And Defendant himself has acted inconsistently with this purported interest, including by repeatedly asking this Court to extend his responsive pleading deadline: he has declined even to *answer* the Complaint until 11 months later than his ordinary-course deadline. *TikTok Inc. v. Bonta*, No. 5:25-cv-09789-EJD, ECF No. 124; *Meta Platforms, Inc. v. Bonta*,

No. 5:25-cv-09792-EJD, ECF No. 146; *Google LLC v. Bonta*, No. 5:25-cv-09795-EJD, ECF No. 119; *see also* Mot. 7.

Defendant's other claimed harms amount to garden-variety temporal concerns linked to discovery—yet he does not meaningfully dispute that the Ninth Circuit's forthcoming decision will shape that process. Defendant invokes a vague purported "risk that critical evidence will become unavailable" through unspecified persons having memories "degrade." Opp'n 8. This argument, too, could be raised in practically every case, and courts have routinely rejected it—including in Defendant's own cited authorities. *See* Opp'n 5 (citing *Matthews*, 809 F. Supp. at 1087 (holding that "generalized harm such as the potential loss of evidence and availability of witnesses is insufficient to find prejudice" (citing cases))).[2] Defendant's reliance on *Clinton v. Jones* (Opp'n 8) only highlights the weakness of his argument: that litigation concerned the loss of evidence about past personal conduct that is not remotely similar to this case. 520 U.S. 681, 684–86, 688–89, 708–09 (1997). And Defendant's purported concern is particularly irrelevant here, given that Plaintiffs are seeking a *forward-looking* injunction based on how the feeds of user-generated content *currently* operate on their services. Defendant does not and cannot explain how the supposedly "degrad[ing]" memory of some unspecified "former employee," Opp'n 8, could possibly bear on these claims.

Defendant also argues that a stay would be of "uncertain duration" because Plaintiffs might "pursue further appellate proceedings." Opp'n at 9 (citing *Bernstein v. Virgin Am., Inc.*, 2018 WL 3349183, at *2 (N.D. Cal. July 9, 2018)). Defendant ignores that Plaintiffs' preliminary injunction appeals are being briefed on an expedited schedule, *see* 9th Cir. R. 3-3(b), and "receive hearing or submission priority," 9th Cir. R. 34-3(3). *See* Mot. 8. Recognizing the need for expediency, the Ninth Circuit earlier today ordered that the appeals be placed on "the next available calendar" pursuant to General Order 3.3(f). *See* Dkt. 49.1 (Order), No. 26-5120 (9th Cir. Sept. 17, 2026). And Defendant once again relies on a procedurally inapposite case where the defendant sought to "stay the present case until the Ninth Circuit

---

[2] *See also, e.g.*, *Steele v. Assurance IQ, LLC*, 2026 WL 218944, at *3 (S.D. Cal. Jan. 27, 2026) (rejecting as "speculative" purported concerns about the "possibility of lost evidence or fading witness memories"); *Evolutionary Intel., LLC v. Facebook, Inc*, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014) (similar).

Court of Appeals has fully resolved three appeals" in other cases, which were not preliminary injunction appeals, and in which the Ninth Circuit's full resolution of the three appeals could not occur until after the California Supreme Court first answered two certified questions. 2018 WL 3349183, at *2; *see id.* at *3 ("Thus, there are now *two* layers of decision-making that must take place before the Ninth Circuit can issue a decision—one at the California Supreme Court, and then a second at the Ninth Circuit."). The *expedited* appellate proceedings here will necessarily move much more quickly than the multi-layered review process in *Bernstein*. In any event, Plaintiffs attempted to alleviate Defendant's "duration" concern by offering a more limited stay that would expire after a ruling by the Ninth Circuit on the merits. Defendant has not yet responded to Plaintiffs' request. *See* Declaration of Isaac D. Chaput ¶ 2. The stay will not harm Defendant.

* * *

Plaintiffs acknowledge that this Court ruled that their feeds of personalized content are likely not protected by the First Amendment. Plaintiffs respectfully disagree with the Court's decision, which is presently on appeal before the Ninth Circuit on an expedited review schedule. The significance of the Court's decision has not been lost on the legal community: it has drawn amicus submissions from numerous organizations and First Amendment scholars, such as the ACLU and professors Eugene Volokh and Erwin Chemerinsky, all of whom argue that SB 976 implicates the First Amendment and triggers heightened scrutiny as applied to Plaintiffs' personalized feeds.[3] Defendant doubtless disagrees, but he does not dispute that the Ninth Circuit's decision will shape the course of this case moving forward, including the scope of discovery. Under these circumstances, the best course is to await the Ninth Circuit's guidance.

**CONCLUSION**

Plaintiffs respectfully request that this Court stay all future proceedings and deadlines in these cases until Plaintiffs' pending appeals are resolved.

---

[3] *See* Dkts. 25.1 (amicus brief of Professors Eugene Volokh and Jane Bambauer), 29.1 (amicus brief of First Amendment professors), 39.1 (amicus brief of ACLU), No. 26-5120 (9th Cir. 2026).

Dated: September 17, 2026

Respectfully Submitted,

By: */s/ Daniel M. Petrocelli*

DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

JONATHAN D. HACKER (*pro hac vice*)
jhacker@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

*Attorneys for Plaintiffs TikTok Inc. and TikTok USDS Joint Venture LLC*

Dated: September 17, 2026

By: */s/ Isaac D. Chaput*

Isaac D. Chaput (Bar No. 326923)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
(415) 591-6000
ichaput@cov.com

Alexander L. Schultz (Bar No. 340212)
Max A. Cherman (Bar No. 353565)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Los Angeles, California 90067-4643
(424) 332-4800
aschultz@cov.com

Mark W. Mosier (pro hac vice)
Teena-Ann V. Sankoorikal (pro hac vice)
Jeffrey E. Sandberg (pro hac vice)
Kuntal V. Cholera (pro hac vice)
Alexandra J. Widas (pro hac vice)
**COVINGTON & BURLING LLP**
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-6000
mmosier@cov.com
tsankoorikal@cov.com
jsandberg@cov.com
kcholera@cov.com
awidas@cov.com

*Attorneys for Plaintiff Meta Platforms, Inc.*

Dated: September 17, 2026

By: */s/ Benedict Hur*

**COOLEY LLP**

Benedict Hur (SBN: 224018)
Jonathan Patchen (SBN: 237346)
Michael Rome (SBN: 272345)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222
bhur@cooley.com
jpatchen@cooley.com
mrome@cooley.com

Elizabeth B. Prelogar (SBN: 262026)
Raymond P. Tolentino (*admitted pro hac vice*)
Ephraim A. McDowell (*admitted pro hac vice*)
1299 Pennsylvania Avenue NW
Suite 700
Washington, District of Columbia 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899
eprelogar@cooley.com
rtolentino@cooley.com
emcdowell@cooley.com

*Attorneys for Plaintiffs Google LLC and YouTube, LLC*

* In accordance with Civil Local Rule 5-1(i)(3), the filer attests that all signatories have concurred in the filing of this document.